**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Paul D.S. Edwards,

                    Plaintiff,

      v.

Signify Health, Inc., *et al*.,

                  Defendants.

Case No. 2:22-cv-00095-CDS-BNW

**ORDER re ECF Nos. 20 & 26**

Before the Court is Defendants' Motion to Stay Discovery. ECF No. 20. Plaintiff opposed at ECF No. 22, and Defendants replied at ECF No. 23. The Court held a hearing on this matter on June 27, 2022 and requested supplemental briefing. ECF No. 30. In turn, Defendants and Plaintiff supplemented their respective positions. ECF Nos. 32 and 33.

The parties are familiar with the arguments and, as a result, the Court will not repeat them here.

**I.      Analysis**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Fed. R. Civ. P. 26(c). The standard for staying discovery under Rule 26(c) is good cause.

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. But it has identified one scenario in which a district court *may* stay discovery and one scenario in which a district court may *not* stay discovery. The Ninth Circuit has held that a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). The Ninth Circuit also has held that a district court

1    may *not* stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo*

2    *Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).

3        Based on this Ninth Circuit law, district courts in the District of Nevada typically apply

4    the preliminary peek test to determine when discovery may be stayed. *See, e.g.*, *Kor Media*

5    *Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). The point of the preliminary peek test is to

6    "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing

7    the objectives of [Federal] Rule [of Civil Procedure] 1." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D.

8    597, 603 (D. Nev. 2011).[1] This Court has found the preliminary peek test can sometimes be

9    problematic because it can be inaccurate and inefficient. *See Schrader v. Wynn Las Vegas, LLC*,

10   No. 219CV02159JCMBNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021).

11       This Court believes a better analytical framework exists for determining when motions to

12   stay should be granted. As a result, the test this Court applies considers (1) whether the

13   dispositive motion can be decided without further discovery, and (2) whether good cause exists to

14   stay discovery.

15       Good cause may be established using the preliminary peek test, but it may also be

16   established by other factors not related to the merits of the dispositive motion. For example, in

17   many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed.

18   R. Civ. P. 26(c)(1). Accordingly, the movant must establish what undue burden or expense will

19   result from discovery proceeding when a dispositive motion is pending. Ultimately, guided by

20   Fed. R. Civ. P. 1, the Court is trying to determine "whether it is more just to speed the parties

21   along in discovery and other proceedings while a dispositive motion is pending, or whether it is

22   more just to delay or limit discovery and other proceedings to accomplish the inexpensive

23   determination of the case." *Tradebay*, 278 F.R.D. at 603.

24

25

26   [1] The preliminary peek test asks whether (1) the pending motion is potentially dispositive, (2) the
     potentially dispositive motion can be decided without additional discovery, and (3) the court is

27   "convinced" that the plaintiff cannot state a claim for relief after it takes a "preliminary peek" at the merits
     of the potentially dispositive motion. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev.

28   2013).

"The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

### A.   Whether the motion to dismiss can be decided without further discovery

During the hearing on the instant motion, the Court questioned Defendants as to whether the pending Motion to Dismiss could be converted into a Motion for Summary Judgment, which might in turn require discovery pursuant to Fed. R. Civ. P. 56(d). This concern was premised on *Cooper v. Picket*, 137 F.3d 616, 623 (9th Cir. 1997), which held that documents attached to a motion to dismiss could be considered so long as their authenticity was *not* in question. In his opposition to Defendants' Motion to Stay Discovery, Plaintiff questioned the authenticity of those transcripts.

After reviewing the supplemental briefing, the Court agrees with Defendants that the pending Motion to Dismiss will not be converted into a Motion for Summary Judgement. In addition, the Court agrees that no additional discovery is needed for the assigned District Judge to resolve the Motion to Dismiss.

First, the Court finds *Cooper* does not control here because (1) Plaintiff did not dispute the authenticity of the transcripts in question *in his opposition to Defendants' Motion to Dismiss*,[2] (2) the calls are central to Plaintiff's claims, and (3) the District Judge has both the transcripts *and the audio* from which the transcripts derive available to her.

The Court also has considered Plaintiff's incorporation-by-reference argument and is not persuaded by it. *Hendrix v. City of San Diego*, No. 20-CV-45 TWR (NLS), 2021 WL 3892671, at *2 (S.D. Cal. Aug. 11, 2021) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)) (incorporating audio recordings provided by defendants in support of Rule 12(b)(6) Motion in order to preclude Plaintiff from "'selecting only portions of documents that support [his] claims, while omitting portions of those very documents that weaken—or doom—

---

[2] Whether these transcripts were prepared before or after the complaint was filed (as discussed later in this Order), Plaintiff knew of their existence at the time the Motion to Dismiss was filed (as they were attached to it) and did not object.

1
2
3

[his] claims'"). Even if Plaintiff were correct that the transcripts in question needed to exist prior to the complaint being filed, the audio in question would have been recorded contemporaneously with the calls—which would necessarily predate the filing of the complaint.

4
5
6
7

Lastly, the Court agrees with Defendants that neither *Alaska Cargo Transp. Inc., v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) nor *Kamm v. California City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) support the proposition that Plaintiff is entitled to pursue discovery in support of the pending Motion to Dismiss.

8
9

Thus, the Court is satisfied that the Motion to Dismiss can be decided without further discovery.

10

**B.**      **Whether good cause exists to stay discovery**

11
12
13
14
15
16
17
18

As mentioned during the hearing, the Court has always been in agreement that there is good cause in this case to stay discovery. The only question was whether the Motion to Dismiss would be converted into a Motion for Summary Judgment. Having resolved that question, the Court now finds that under Fed. R. Civ. P. 1, it is more just to delay discovery in this case in order to accomplish its inexpensive determination. This is because (1) not staying discovery would place an undue burden on Defendants based on the enormous amount of discovery Plaintiff has already requested (*see* ECF No. 32 at 2 n.1), and (2) the Court acknowledges the prior findings in this District regarding Plaintiff's litigation tactics (ECF No. 20 at 3–4, 7–8).

19
20
21
22

Incidentally, were the Court to apply the preliminary peek test, it would also agree with Defendants that (1) the Motion to Dismiss is potentially dispositive, (b) the pending motion can be decided without additional discovery, and (3) Plaintiff will not be able to state a claim for relief (ECF No. 20 at 10–14).

23
24

For these reasons, **IT IS ORDERED** that Defendants' Motion to Stay Discovery (ECF No. 20) is GRANTED.

25
26

**IT IS FURTHER ORDERED** that the proposed Discovery Plan and Scheduling Order (ECF No. 26) is DENIED as moot.

27

28

1    **IT IS FURTHER ORDERED** that the parties must refile the proposed Discovery Plan

2    and Scheduling if the Motion to Dismiss is denied and must do so no later than 30 days after any

3    such decision.

4

5    DATED: September 19, 2022.

6

7    BRENDA WEKSLER
     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28