UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Paul D.S. Edwards,<br><br>           Plaintiff<br><br>v.<br><br>Signify Health, Inc., et al.,<br><br>           Defendants | Case No. 2:22-cv-00095-CDS-BNW<br><br>**Order Dismissing Plaintiff's Claims with Prejudice and Closing Case** |

    Plaintiff Paul D.S. Edwards commenced this action against defendants Signify Health; Cure Topco, LLC, Bradford Kyle Armbrester, Steven Senneff, and David Pierre for alleged violations of the Telephone Consumer Protection Act of 1991 in January 2022. Compl., ECF No. 2. The defendants moved to dismiss the complaint on the basis that each phone call was made on behalf of Edwards's own Medicare provider to schedule a free medical exam, rather than with the intent to telemarket any good or service. Mot. to dismiss, ECF No. 13. Because Edwards failed to state an actionable claim against any of the defendants, I granted their motion to dismiss but gave Edwards an opportunity to amend by June 13, 2023. Order, ECF No. 39. Edwards was cautioned that "[i]f he fail[ed] to file a first-amended complaint by that date, this case will be closed without further notice." *Id.* at 9. As of the date of this order, Edwards has not filed an amended complaint. Nor has he sought to extend the time to do so.

    "Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order[.]" *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)). When determining whether to dismiss a case for failure to comply with a court order, , the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ferdik*, 963 F.2d at 1260–61 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first two factors, the public's interest in expeditious resolution of litigation as well as the court's need to manage its docket, weigh in favor of dismissal. The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. Edwards failed to comply with my order to file an amended complaint correcting the deficiencies identified in the order granting defendants' motion to dismiss before the deadline. The court has waited well over a year before considering dismissal, and Edwards' continued failure to amend has caused this action to come to a complete halt. It is impossible for this case to move forward without an operative complaint. And it has long been recognized that the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate. *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986).

The third factor for consideration, the risk of prejudice to the defendants, also weighs in favor of dismissal. A defendant suffers prejudice if "the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). While the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal; "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Yourish*, 191 F.3d at 990; *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.* Here, Edwards failed to amend his complaint despite the court's efforts to provide him with the opportunity to do so. Since it appears that Edwards does not intend to litigate this action diligently, which has caused an unreasonable delay, there arises a rebuttable presumption of prejudice to the defendants. *See Anderson v. Air*

*West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (a presumption of injury arises from unreasonable delay).

The fourth factor, the public policy favoring disposition of cases on their merits, typically weighs against dismissal. Here, the claims have already been decided on the merits; I granted defendants' motion to dismiss, but because the court should "freely" give leave to amend "when justice so requires," under Federal Rule of Civil Procedure 15(a), I gave leave to amend—which Edwards did not do. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Because it is Edwards's responsibility to move the case toward disposition at a reasonable pace, and the case has already been decided on the merits, the fourth factor weighs in favor of dismissal.

The fifth factor, the availability of less drastic sanctions, also supports dismissal. It does not appear that any less drastic sanctions are available. A warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Malone*, 833 F.2d at 132; *see also Ferdik*, 963 F.2d at 1262. Edwards was provided adequate warning that dismissal would result from his failure to file an amended complaint. *See e.g.*, Order, ECF No. 39 at 9. Yet despite my warning, Edwards did not do so. Based on his noncompliance, the court can only surmise that he has abandoned his claims with no intention of moving forward.

"When a party fails to comply with any district court order within the time period given for compliance, the district court may dismiss the action pursuant to Fed. R. Civ. P. 41(b)." *Yourish*, 191 F.3d at 987. Because I find that the five-factor test for dismissal under Rule 41(b) strongly supports dismissal, I dismiss this action is with prejudice. *See Hodges v. Filson*, 2018 U.S. Dist. LEXIS, 204917 at *1–2 (D. Nev. Dec. 4, 2018) (explaining that a court may dismiss an action, **with** prejudice, based on a party's failure to obey a court order).

### Conclusion

IT IS THEREFORE ORDERED that this case is **dismissed with prejudice.** The Clerk of Court is directed to enter judgment accordingly and to close this case.

Dated: January 6, 2025

_____
Cristina D. Silva
United States District Judge